**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REGGIE L. McCOY,** | : | |
| | : | |
| Petitioner | : | |
| | : | **CIVIL ACTION NO. 3:CV-17-0693** |
| v. | : | |
| | : | (Judge Caputo) |
| **WARDEN J. BALTAZAR***,* | : | |
| | : | |
| Respondent | : | |

**M E M O R A N D U M**

**I.   Introduction**

On April 18, 2017, the Petitioner, Reggie L. McCoy, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his Petition, Mr. McCoy claims his actual innocence, conviction of a nonexistent crime, and a defective sentence enhancement based on the following Supreme Court rulings: *Burrage v. United States*, _____ U.S. _____, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014),[1] *Rosemond v. United States*, _____ U.S. _____, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014) ,[2] and

---

[1] The *Burrage* court held that "at least where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death … a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of death…" *Burrage*, _____ U.S. at _____, 134 S.Ct. at 892.

[2] In *Rosemond*, the Supreme Court held that to convict a defendant of "us[ing] or carry[ing]" a firearm "during and in relation to any crime of violence" under an aiding and abetting theory, the government must show that "the defendant actively participated in the

*McFadden v. United States*, _____ U.S. _____, 135 S.Ct. 2298, 192 L.Ed.2d 260 (2015).[3]

Following the Court's preliminary review of the Petition, and Mr. McCoy's supplements, Petitioner will be ordered to demonstrate why his Petition should not be dismissed as the claims raised are redundant to other § 2241 petitions he has filed or the issues presented could have been raised in his earlier § 2241 petition.[4]

## II. Legal Standard for Second or Successive § 2241 Petition

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

---

underlying … violent crime with advanced knowledge that a confederate would use or carry a gun during the crime's commission." *Rosemond*, _____ U.S. at _____, 134 S.Ct. at 1243.

[3] In *McFadden*, the Supreme Court decided that section 841(a)(1) of the Controlled Substance Act (CSA) "requires the Government to establish that the defendant knew he was dealing with 'a controlled substance.'" *McFadden*, _____ U.S. at _____, 135 S.Ct. at 2302.

[4] Rule 4 of the Rules Governing 2254 Cases in the United States District Courts provide that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See also Lonchar v. Thomas*, 517 U.S. 314, 320, 116 S.Ct. 1293, 1297, 134 L.Ed.2d 440 (1996) (discussing Rule 4). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *See Brennan v. United States*, 646 F. App'x 662, 665 n. 5 (10th Cir. 2016) (nonprecedential).

28 U.S.C. § 2244(a). As such, the United States Court of Appeals for the Third Circuit has held that a district court may dismiss a successive § 2241 petition as an abuse of the writ pursuant to § 2244(a) "where the issues raised had been, or could have been, decided in a prisoner's previous habeas action in another district court." *Henderson v. Bledsoe*, 396 F. App'x 906, 907 - 08 (3d Cir. 2010) (citing *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir.2008)); *see Donelson v. Loretto,* 566 F. App'x 111, 112 & n.2 (3d Cir. 2014) (applying the "abuse of the writ" doctrine to a successive § 2241 petition); *Reyes-Vasquez v. Scism*, 514 F. App'x 133, 136 (3d Cir. 2013).

### III.  Discussion

On July 1, 1991, the United States District Court for the Middle District of Florida sentenced Mr. McCoy to two consecutive life sentences after he was found guilty of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, possession with intent to distribute 50 grams or more of cocaine base, and aiding and abetting.  His conviction was affirmed by the Eleventh Circuit on November 15, 1994.  *See United States v. Smith*, 41 F.3d 667 (Table) (11th Cir. 1994).  The Supreme Court denied certiorari on March 27, 1995.  *McCoy v. United States*, 514 U.S. 1041, 115 S.Ct. 1411, 131 L.Ed.2d 296 (1995).

In October 1995, McCoy filed a 28 U.S.C. § 2255 motion with the sentencing court.  That court denied the motion, and in October 1998, the Eleventh Circuit affirmed.  Since then, McCoy has filed numerous collateral attacks on his conviction and sentence and has repeatedly requested, and been denied, permission by the

Eleventh Circuit to file a successive § 2255 motion. The most recent denial was issued on November 28, 2016. *See In Re: Reginald L. McCoy*, No. 16-16873-J (11th Cir. Nov. 28, 2016). Mr. McCoy sought relief based on, *inter alia*, *Burrage, supra*.

Mr. McCoy has also filed multiple § 2241 petitions in this Court as well as across the county, depending on his placement by the Bureau of Prisons. Of significance here, the Court notes that Mr. McCoy currently has a § 2241 petition pending before the United States District Court for the Eastern District of Kentucky. *See McCoy v. Kizziah*, 7:16-cv-0247-KKC (E.D. Ky.). That petition was filed prior to his § 2241 Petition in this Court and is similarly based.

Accordingly, Mr. McCoy will be directed to show cause why his present Petition is not barred by 28 U.S.C. § 2244(a).

An appropriate order follows.

**Date: November 3, 2017**     /s/ A. Richard Caputo
                               **A. RICHARD CAPUTO**
                               **United States District Judge**