# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGGIE L. MCCOY,

    Petitioner,

v.

WARDEN J. BALTAZAR,

    Respondent.

NO. 3:17-CV-0693

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Petition for Writ of a Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Reggie McCoy. Because Petitioner's claims are not properly brought under § 2241, the petition will be dismissed without prejudice to Petitioner again seeking authorization from the appropriate Court of Appeals to file a successive § 2255 petition.

## **I. Background**

The facts pertinent to Petitioner's incarceration have been detailed before:

> On or about June 1, 1991, after a jury trial in the United States District Court for the Middle District of Florida, petitioner was found guilty of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and possession with intent to distribute 50 grams or more of cocaine base. Doc. 1, pp. 142–43. Petitioner was sentenced to life imprisonment in federal prison, based on the underlying charges and sentencing enhancements for prior drug convictions pursuant to 21 U.S.C. § 841. *Id*. Petitioner appealed the judgment of conviction and sentence but both were affirmed by the Eleventh Circuit Court of Appeals on November 15, 1994. *US v. Smith*, 41 F.3d 667 (11th Cir. 1994). *Certiorari* was denied by the United States Supreme Court on March 27, 1995. *McCoy v. US*, 514 U.S. 1041 (1995).
>
> Petitioner then filed several motions to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, which were all denied or dismissed. Petitioner also filed several petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241. These petitions were also denied or dismissed.

*McCoy v. Lapin*, No. 11-2177, 2012 WL 6761571, at *1 (W.D. La. Nov. 13, 2012);

*see also McCoy v. Miner*, 245 F. App'x 194, 195 (3d Cir. 2007); *United States v. McCoy*, No. 90-132, 2018 WL 4222401, at *1 (M.D. Fla. Sept. 5, 2018); *McCoy v. Wrigley*, No. 04-6255, 2006 WL 1686414, at *1 (E.D. Cal. June 16, 2006).

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 on April 18, 2017. (*See* Doc. 1, *generally*). Petitioner also submitted two supplements to his petition. (*See* Docs. 5-6, *generally*). In the petition and supplements, Petitioner claims his actual innocence, conviction of a nonexistent crime, and a defective sentence enhancement based on the following Supreme Court rulings: *Burrage v. United States*, 571 U.S. 204, 134 S. Ct. 187 L. Ed. 2d 715 (2014); *Rosemond v. United States*, 572 U.S. 65, 134 S. Ct. 1240, 188 L. Ed. 2d 248 (2014); and *McFadden v. United States*, - - - U.S. - - -, 135 S. Ct. 2298, 192 L. Ed. 2d 260 (2016).

On November 3, 2017, I directed Petitioner to show cause why the petition is not barred pursuant to 28 U.S.C. § 2244(a). (*See* Docs. 10-11, *generally*). Therein, I noted that Petitioner has filed numerous collateral attacks on his conviction and sentence and has repeatedly requested, and been denied, permission by the Eleventh Circuit to file a successive § 2255 motion. (*See* Doc. 10, 2-3). I also observed that in his most recent request for relief in the Eleventh Circuit, Petitioner raised his *Burrage* claim. (*See id.*). I further referred to an action Petitioner filed in the United States District Court for the Eastern District of Kentucky raising similar claims. (*See id.* (citing *McCoy v. Kizziah*, No. 16-247 (E.D. Ky.)). The Eastern District of Kentucky denied the petition on the grounds that Petitioner's § 2241 petition was an impermissible collateral attack on his conviction and sentence. *See McCoy v. Kizziah*, No. 16-247 (E.D. Ky. Oct. 31, 2017), ECF No. 28.

In response to the show cause Order, Petitioner filed a motion seeking the transfer of his case to the Eleventh Circuit for permission to file a second or successive § 2255 motion. (*See* Doc. 12, *generally*). Petitioner subsequently filed a motion to reopen this action. (*See* Doc. 14, *generally*).

## II. Legal Standard

"[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under [28 U.S.C.] § 2255.*" Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017). Yet, "to this limitation, Congress also provided a saving clause: a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" *Id*. (citations omitted); *see also* § 2255(e). If a petitioner previously has filed a § 2255 motion, he must apply for and receive permission from the appropriate court of appeals before filing a successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3), 2255(h).[1] The claimed inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Rather, only when a federal prisoner is "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241." *Bruce*, 868 F.3d at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

The Third Circuit

---

[1] A second or successive § 2255 motion must be based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

3

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision" - in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id*. Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251.

*Id*. at 180.

If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Fraser v. Zenk*, 90F. App'x 428, 430 (3d Cir. 2004).

### III. Discussion

Petitioner, as stated, seeks relief under § 2241 pursuant to *Burrage*, *Rosemond*, and *McFadden*.

> In *Burrage*, the Supreme Court in addressing a sentencing enhancement issue held that death only results from drug trafficking when the use of the controlled substance is the but for cause of the victim's death. It added that a penalty enhancement can only be applied if a jury finds beyond a reasonable doubt that the victim's use of a drug distributed by the defendant was a "but for" cause of death. *McFadden* recognized that the government must prove that a defendant charged with a controlled substance offense knew that the substance was a controlled substance. *Rosemond* established that an accomplice must have advanced knowledge of the crime the principal is planning to commit.

*Cruz-Danzot v. Baltazar*, No. 17-1393, 2017 WL 4550986, at *1 (M.D. Pa. Oct. 12, 2017) (Brann, J.).

In *Cruz-Danzot*, Judge Brann explained:

> It is initially noted that "the Supreme Court has not made *Burrage* retroactive." *Alvarez v. Hastings*, Civ. No. 2:14-cv-70, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); *Gibson v. Thomas*, Civ. No. 3:14-cv-820, 2016 WL 213618 *5 (M. D. Pa. Jan. 19, 2016)(Caputo, J.) (the Supreme Court

4

> did not make *Burrage* retroactive to cases on collateral review as such it does not fall within the narrow *Dorsainvil* exception); *Harrington v. Holland*, Civ. No. 14-192, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (*Burrage* is not a decision which is retroactively applicable to cases on collateral review).
>
> Courts have also recognized that "the rule articulated in *Rosemond* does not apply retroactively to cases on collateral review. *Branham v. Oddo*, Civ. No. 1:16-cv-553, 2016 WL 2961387 *3 (M.D. Pa. May 23, 2016)(Jones, J.); *Williams v. Spaulding*, Civ. No. 3:15-cv-1992, 2015 WL 8332424 *3 (M.D. Pa. Dec. 9, 2015) (Munley, J.). Finally, based upon a review of *McFadden* there is nothing to indicate that it changed the substantive law pertaining to Petitioner's cocaine base related conviction such that his conduct is now deemed not to be criminal.

*Id*. at *2 ("Petitioner's failure to present this Court with any authority to support a determination that any federal court has held that a *Burrage* or *Rosemond* based claim may be pursued via a § 2241 proceeding, it is apparent that habeas corpus review is not appropriate here."); *see also Walker v. United States*, 731 F. App'x 88, 90 (3d Cir. 2018) (safety valve provision of § 2255(e) did not apply to the petitioner's claim pursuant to *McFadden*). Indeed, Petitioner, similar to the petitioner in *Cruz-Danzot*, is clearly challenging the validity of his conviction and sentence. *See id*. To do so, he must satisfy the requirements of § 2255. *See id*.; *see also Downs v. Baltazar*, No. 17-1007, 2017 WL 3310922, at *3 (M.D. Pa. Aug. 3, 2017) (Kane, J.) (dismissing without prejudice § 2241 petition based on *Burrage*, *McFadden*, and *Rosemond*).

## IV. Conclusion

For the above stated reasons, Petitioner's § 2241 petition will be dismissed without prejudice to Petitioner again seeking authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition. Because Petitioner is not detained by virtue of a process issued by a state court and the petition is not brought pursuant to § 2255, no action with respect to a certificate of appealability is necessary.

An appropriate order follows.

October 18, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge